## Harris v. Hummel, et al.

(Decided June 16, 1922.)

### Appeal from Kenton Circuit Court.

1.  Municipal Corporations—Street Construction—Assessments.—Section 3706 of Kentucky Statutes prohibits the levying of local assessments for the construction or reconstruction of sidewalks, curbings, streets, etc., in excess of 50 per centum of the value of the

ground after the improvement is made, excluding the value of the buildings and other improvements on the property improved.

2. Appeal and Error—Finding of Chancellor.—Evidence examined and held to support the finding of the chancellor as to the value of the property assessed for the cost of constructing improvements under section 3706 of Kentucky Statutes.

S. W. ADAMS for appellant.

FREDERICK W. SCHMITZ and O. M. ROGERS for appellees.

OPINION OF THE COURT BY JUDGE MOORMAN—Affirming.

Erlanger is a town of the sixth class, and in 1913 it ordered the grading, curbing and macadamizing of Hulbert street. The board of trustees received sealed bids for the improvement ordered and awarded the contract to appellant, C. E. Harris. Appellant completed the work in accordance with the plans and specifications provided in the ordinance directing it to be done, and on September 6, 1913, it was accepted. Thereafter the board of trustees levied a tax against the abutting properties on either side of the street to pay for the improvement. The appellees owned five lots abutting on the street and tax warrants were issued for their proportionate share of the cost of construction, amounting to $67.14 for each lot. The street had previously been improved by the construction of a sidewalk, under an ordinance requiring the cost of construction to be paid by the abutting property owners, and there was then existing a claim against the lots for $149.91 in favor of the contractor who constructed the sidewalk.

This action was filed by appellant to recover judgment for $335.70, the cost of the work as assessed against the appellees' property. He asked that his claim be adjudged a lien on the five lots. The former contractor, W. J. Brell, and the assignee of his claim, the Erlanger Deposit Bank, were made parties to the suit and were called on to set up any claim or lien which they held against the property sought to be subjected to appellant's claim. Hummel and his wife resisted appellant's claim on the ground that the assessment declared on was at the time it was levied in excess of 50 per centum of the value of the lots and was, therefore, contrary to section 3706 of Kentucky Statutes. They prayed for a correction of the assessment and a reduction of it to comply

with the statutory requirement, and also that their title as against the unauthorized part of the assessment be quieted.

On the trial it was adjudged that the value of the lots, after the improvement had been made, was $125.00 each, and that the assessments were unenforceable to the extent that they exceeded the sum of $62.50 for each lot. The judgment did not determine the question of priority between the claims of the two contractors, but it seems to be conceded that the claim of the Erlanger Deposit Bank is superior to appellant's claim. This appeal attacks the finding of the lower court as to the value of the property after the improvement was made by appellant.

The question presented is one of fact, for it is plainly provided in section 3706 of Kentucky Statutes that local assessments for the construction or reconstruction of sidewalks, curbings, streets, etc., shall not exceed 50 per centum of the value of the ground after the improvement is made, excluding the value of the buildings and other improvements upon the property improved. On the issue of fact made in the pleadings, the proof is somewhat conflicting but the preponderance seems to support the judgment. Three witnesses testified for appellees, none of whom fixed the value of the lots, immediately after the improvement was completed and exclusive of the buildings, at more than one hundred dollars each, whereas the only contrary evidence was that given by appellant, whose testimony indicated that each of them was worth as much as $250.00 at that time. He testified that he offered to pay appellees $675.00 for three of the lots on which there were no buildings and that in his opinion they were reasonably worth that price. His offer, however, was made six years after the street had been improved. But considered in connection with other testimony that there had been in the past few years no material increase in the values of property in that vicinity it is deserving of great weight. Opposed to it is the testimony of Hummel and two other witnesses who were familiar with property values in that community at the time the improvement was made. They stated emphatically that no one of the lots was worth more than $100.00. The chancellor found each of them to be of the value of $125.00 and on that basis rendered judgment against appellees, for 50 per cent of the value, the amount collectible there-

under to be applied to the two claims against them for street improvements. We can not say that the finding is erroneous. If appellant's claim is inferior to that of the Erlanger Deposit Bank, the judgment will not satisfy his claim. But section 3706 of Kentucky Statutes is mandatory and, as we have observed, the evidence supports the finding of fact by the chancellor.

The judgment is affirmed.